NORMAN L. SMITH [SBN 106344]
nsmith@swsslaw.com
EDWARD J. MCINTYRE [SBN 80402]
emcintyre@swsslaw.com
ALISON L. PIVONKA [SBN 156977]
apivonka@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

Attorneys for HANSEN BEVERAGE COMPANY

FILED
'08 AUG 21 PM 12: 32
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>VITAL PHARMACEUTICAL, INC. aka VPX, a Florida corporation,<br><br>Defendant. | CASE NO. '08 CV 1545 WQH BLM<br><br>COMPLAINT FOR FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 AND 17500<br><br>AND<br><br>JURY TRIAL DEMAND |

P:00436124.07565.160

COMPLAINT

# PREAMBLE

This case involves a seller of energy drinks who, instead of allowing its products to speak for themselves in the marketplace, resorted to false advertising in order to try to boost its own position and diminish Hansen's. The Lanham Act and California law provide Hansen with remedies for the false advertising that has harmed its commercial interests.

# PARTIES

**Plaintiff.**

1. Hansen Beverage Company is a Delaware corporation, licensed to do business in California, with its principal place of business in Corona, California.

2. Since 1992, Hansen has developed, marketed, sold, and distributed non-alcoholic beverages such as sodas, fruit juices, energy and sports drinks, smoothies, lemonades, and iced teas.

**Defendant.**

3. Vital Pharmaceuticals, Inc., aka VPX is, Hansen is informed and believes, a Florida corporation with its principal place of business in Davie, Florida. Vital Pharmaceuticals conducts business in this district.

4. Vital Pharmaceuticals commercially advertises and markets in interstate commerce competing energy drinks, each of which it publicly claims and represents, *inter alia*, produces seven hours of energy.

# JURISDICTION

5. Because this civil action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and specifically 15 U.S.C. § 1125(a)(1)(B), this Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

6. This Court also has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(a)(1) in that it is a civil action between citizens of different states, namely, California and Delaware and Florida, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Finally, this Court has subject matter jurisdiction over Hansen's California

unfair competition and false advertising claims pursuant to 28 U.S.C. § 1338(b), in that these claims are joined with a substantial related claim under the Lanham Act and this Court also has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a).

## VENUE

8. Venue in this district is proper pursuant to the provisions of 28 U.S.C. § 1391(b).

## MATERIAL ALLEGATIONS

**Hansen.**

9. Hansen's energy drinks have been extremely successful and are sold throughout the United States by more than 100,000 retail stores, including convenience stores, gas stations, supermarkets, club stores, drug stores and warehouse stores.

10. In 1997 Hansen introduced Hansen's® Energy Drinks.

11. Then, in April 2002, Hansen released the first of its popular Monster Energy® drinks. The line of Monster Energy® drinks has since grown to include the Lo-Carb Monster, Monster Khaos, Monster Assault, Monster M-80, Monster Heavy Metal, and Monster Mixxd energy drinks, which also use the Monster and Monster Energy® trademarks and similar trade dresses.

12. In 2004, Hansen introduced Lost® Energy™ Drinks and Rumba™. In 2005, Hansen introduced Joker Mad Energy™ drinks, a low-carb version of Lost® under the Perfect 10™ brand name as well as a new Lost® Five-O™ energy drink.

13. In 2006 Hansen introduced Ace™ Energy drinks and Unbound Energy® drinks.

14. Hansen's energy drinks have achieved significant success in commerce throughout the United States and are favored energy drinks for millions of customers.

**Vital Pharmaceuticals.**

15. Vital Pharmaceuticals' "REDLINE Power Rush! 7-Hour Energy Boost", Redline Xtreme and Redline Princess drinks are competing energy-drink products that Vital Pharmaceuticals markets and sells in interstate commerce throughout the United States.

16. Vital Pharmaceuticals advertises its "REDLINE Power Rush! 7-Hour Energy

Boost", Redline Xtreme and Redline Princess drinks in commercial advertising across the United States.

17. Rather than engage in fair competition in the marketplace, however, and allow consumers to exercise their own choice, Vital Pharmaceuticals has resorted to false advertising to attempt to promote its "REDLINE Power Rush! 7-Hour Energy Boost", Redline Xtreme and Redline Princess drinks and falsely to discourage customers from using or purchasing Hansen's energy drinks.

**The False Advertising Claims.**

18. Indeed, the name, "REDLINE Power Rush! 7-Hour Energy Boost," is, in and of itself, false and misleading precisely because it states, or at a minimum implies, that two and a half ounces of a "REDLINE Power Rush! 7-Hour Energy Boost" drink produces a sustained level of "energy" for seven hours. This is untruthful based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology.

19. Vital Pharmaceuticals conspicuously makes the following claims on each "REDLINE Power Rush! 7-Hour Energy Boost" drink's container:

- "7 Hours of Pure Energy"
- "No crash"
- "Zero Sugar/Zero Carbs"
- "Vitamins & Amino Acids"

20. Vital Pharmaceuticals' claims on the product containers that REDLINE Power Rush! 7-Hour Energy Boost products provide "7 Hours of Pure Energy," and "No Crash" are based on its ingredients, at least as disclosed on the applicable product container labels, false and misleading based on generally accepted principles of biochemistry, pharmacology and physiology and cannot and do not produce the effects claimed.

21. Vital Pharmaceuticals' advertisements claim:

> So goes the saying, "big things come is small packages," with seven, that's right seven hours of sustained energy that will leave you "amped" to the max in minutes, ready to tear apart the weights and wear out the treadmill like a tiger released from its cage! With no crash Redline Power Rush® doesn't stop there, the intense energy will last beyond your workout to keep you focused and energized throughout the day.

- 7 Hours of Sustained Energy
- No crash
- Zero Sugar
- Zero Carbs

22. Vital Pharmaceuticals' claim that REDLINE Power Rush! 7-Hour Energy Boost provides "seven, that's right seven hours of sustained energy is, based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology, a false and misleading statement of material fact about REDLINE Power Rush! 7-Hour Energy Boost ®.

23. Vital Pharmaceuticals' claim that REDLINE Power Rush! 7-Hour Energy Boost "will leave you 'amped' to the max in minutes, ready to tear apart the weights and wear out the treadmill like a tiger released from its cage!" is, based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology, a false and misleading statement of material fact about REDLINE Power Rush! 7-Hour Energy Boost ®.

24. Vital Pharmaceuticals' claim that REDLINE Power Rush! 7-Hour Energy Boost "with no crash Redline Power Rush® doesn't stop there, the intense energy will last beyond your workout to keep you focused and energized throughout your day" is, based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology, false and misleading statements of material fact about REDLINE Power Rush! 7-Hour Energy Boost ®.

25. Vital Pharmaceuticals conspicuously makes the following claims on its web site regarding its REDLINE Xtreme drink:

> Redline Xtreme is now university research proven to amplify your performance!
> University research scientist discovered that Redline delivered:
>
> - A significant 7.5% improvement reaction time!
> - A dramatic 13% increase in energy!
> - An amazing 15% increase in focus!
>
> Whether you are reacting to a 100 MPH pitch or a 120 MPH tennis serve, junking a player on the football field or delivering a knock out ultimate fighting blow, reaction time is the key to winning performance. Victory is

determined in fractions of a second. So use the power of Redline Extreme to give you a mind blowing performance boost by increasing reaction time by 7.5%. To further ensure victory, Redline Xtreme dramatically enhances focus and energy.

26. Vital Pharmaceuticals' claim that REDLINE Xtreme provides "7.5% improvement reaction time!", "dramatic 13% increase in energy!" or "an amazing 15% increase in focus!" and that it "dramatically enhances focus and energy" is, based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology, a false and misleading statement of material fact about REDLINE Xtreme.

27. Vital Pharmaceuticals conspicuously makes the following claims on its web site regarding it REDLINE Princess drink:

> Redline Princess, however, provides women with the same level of energy as original Redline, but with the added bonus of appetite suppression and mood enhancement which is nothing short of euphoric.
>
> Cutting-edge compounds formulated in Princess work synergistically to burn fat and increase mood and mental focus, while decreasing appetite.

28. Vital Pharmaceuticals' claim that REDLINE Princess provides "mood enhancement" and provides "increase mood and mental focus" is, based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology, a false and misleading statement of material fact about REDLINE Princess.

29. Vital Pharmaceuticals' claim that REDLINE Princess provides "appetite suppression and mood enhancement which is nothing short of euphoric" is, based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology, a false and misleading statement of material fact about REDLINE Princess.

30. The statements quoted above are false and misleading statements of material fact about Vital Pharmaceuticals' own products, such that they are likely to influence the purchasing decisions of a substantial number of reasonable consumers and actually deceive or have the tendency to deceive a substantial segment of the reasonable consumer audience.

31. All such statements constitute false advertising that Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and also California's unfair competition law, Business &

Professions Code §§ 17200 and 17500, prohibit.

32. Worse, the effect such advertising has, and will have, on reasonable consumers makes Vital Pharmaceuticals' false claims about itself and its false statements about Hansen energy drinks even more pernicious.

## FIRST CLAIM FOR RELIEF

### [FALSE ADVERTISING—VIOLATION OF 15 U.S.C. § 1125(a)]

33. Hansen incorporates by this reference paragraphs 1 through 32, above.

34. Hansen sells beverages in interstate commerce throughout the United States.

35. Vital Pharmaceuticals sells its "REDLINE Power Rush! 7-Hour Energy Boost" products in interstate commerce throughout the United States and it competes with Hansen's energy drinks.

36. Vital Pharmaceuticals engages in commercial advertising in interstate commerce across the United States.

37. Vital Pharmaceuticals' advertisements contain false and misleading statements of fact concerning its own product.

38. Vital Pharmaceuticals' false and misleading commercial advertising in interstate commerce violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that: it contains false and misleading statements of fact in commercial advertising about its own products and about Hansen's products; those representations are material; they are likely to influence the purchasing decision of a substantial number of reasonable consumers; those misrepresentations actually deceive or, at a minimum, have the tendency to deceive a substantial segment of the reasonable consumer audience; and, Hansen has been injured, and in the future is likely to continue to be injured, as a result of the misrepresentations, both by the direct diversion of sales from Hansen to Vital Pharmaceuticals and by a lessening of the goodwill associated with Hansen's products.

39. As a direct and proximate result, Hansen has suffered injury and harm and will continue to suffer such harm, including money damages in excess of $75,000, exclusive of interest and costs, the exact amount of which Hansen will prove at trial.

40. Hansen is informed and believes that Vital Pharmaceuticals' false and misleading advertising is willful.

41. Hansen has no adequate remedy at law with respect to Vital Pharmaceuticals' future false and misleading commercial advertising precisely because Hansen is informed and believes that Vital Pharmaceuticals will continue in its same course of conduct unless and until it has been restrained by an order of this Court.

## SECOND CLAIM FOR RELIEF

## [FALSE ADVERTISING—CALIFORNIA LAW]

42. Hansen incorporates by this reference paragraphs 1 through 41, above.

43. Vital Pharmaceuticals' conduct, as alleged above, violates the misbranding provisions of the Federal Food, Drug and Cosmetic Act, 21 USC §§ 343 and 350, which make the false or misleading labeling of, *inter alia*, dietary and vitamin supplements unlawful and illegal.

44. In addition, Vital Pharmaceuticals' conduct, as alleged above, violates § 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), in that it constitutes an unfair method of competition in or affecting commerce and unfair and deceptive acts and practices in or affecting commerce.

45. Vital Pharmaceuticals' conduct, as alleged above, constitutes false advertising and unfair competition pursuant to the provisions of Business & Professions Code §§ 17200 and 17500.

46. As a direct and proximate result, Hansen has suffered injury and harm and will continue to suffer injury and harm both by the direct diversion of sales from Hansen to Vital Pharmaceuticals and by a lessening of the goodwill associated with Hansen's products.

47. Hansen has no adequate remedy at law with respect to Vital Pharmaceuticals' future false and misleading commercial advertising precisely because Hansen is informed and believes that Vital Pharmaceuticals will continue in its same course of conduct unless and until it has been restrained by an order of this Court.

WHEREFORE, Hansen Beverage Company prays for relief against Vital

Pharmaceuticals as follows:

1. For preliminary and permanent injunctive relief against Vital Pharmaceuticals pursuant to 15 U.S.C. §§1116 and 1125(a) and Business & Professions Code § 17203;

2. For an award of money damages;

3. For the recovery of Vital Pharmaceuticals' illegal and unjust profits;

4. For three times Hansen's actual money damages;

5. For a finding that Vital Pharmaceuticals' conduct constitutes an exceptional case, such that Hansen is entitled to its attorneys fees in addition to its costs and expenses of suit;

6. For disgorgement of Vital Pharmaceuticals' illegal and unjust profits;

7. For punitive and exemplary damages; and,

8. For such other and further relief as this Court deems just and proper.

DATED: August 21, 2008   SOLOMON WARD SEIDENWURM & SMITH, LLP

By: _____
NORMAN L. SMITH
EDWARD J. MCINTYRE
ALISON L. PIVONKA
Attorneys for Hansen Beverage Company

**DEMAND FOR JURY**

Hansen Beverage Company demands a jury trial of all claims triable by a jury.

DATED: August 21, 2008   SOLOMON WARD SEIDENWURM & SMITH, LLP

By: _____
NORMAN L. SMITH
EDWARD J. MCINTYRE
ALISON L. PIVONKA
Attorneys for Hansen Beverage Company

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

       # 154335    - MB
       * * C O P Y * *
       August 21, 2008
           12:32:49


         Civ Fil Non-Pris
USAO #.: 08CV1545 CIVIL FILING
Judge..: WILLIAM Q HAYES
Amount.:                $350.00 CK
Check#.: BC3539



       Total->   $350.00


FROM: HANSEN BEVERAGE COMPANY VS
      VITAL PHARMACEUTICAL AKA VPX
```

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
HANSEN BEVERAGE COMPANY, a Delaware corporation

## DEFENDANTS
VITAL PHARMACEUTICAL, INC. aka VPX, a Florida corporation

FILED
08 AUG 21 PM 12:30
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Norman L. Smith (SBN 106344)
Edward J. McIntyre (SBN 80402)
Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200, San Diego, CA 92101
Telephone: (619) 231-0303; Facsimile: (619) 231-4755

Attorneys (If Known)
'08 CV 1545 WQH BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability |  | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck |  | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | [X] 840 Trademark | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS |  | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motion to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & other | ☐ 462 Naturalization Application | ☐ 871 IRS - Third Party 26 USC 7609 |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1125(a)(1)(B)

Brief description of cause:
False advertising in violation of Lanham Act, Business & Professions Code Sections 17200 and 17500 and Trade Libel

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Irma E. Gonzalez
DOCKET NUMBER 08-CV-1166

DATE
August 21, 2008

SIGNATURE OF ATTORNEY OF RECORD
_[signature]_   EDWARD J. MCINTYRE

FOR OFFICE USE ONLY
RECEIPT # 154335   AMOUNT $350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____
MB 08/21/08

CSDJS44