1
2
3
4
5
6
7
8      **UNITED STATES DISTRICT COURT**
9      **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   HANSEN BEVERAGE COMPANY,                    CASE NO. 08-CV-1545 IEG (POR)

12                                    Plaintiff,    **ORDER GRANTING PLAINTIFF'S**
                        vs.                           **MOTION FOR LEAVE TO FILE A**
13                                                    **FIRST AMENDED COMPLAINT**

14   VITAL PHARMACEUTICAL, INC., a.k.a           **[Doc. No. 37.]**
     "VPX," a Florida corporation,
15
                                    Defendant.
16

17          Presently before the Court is Plaintiff Hansen Beverage Company's motion for leave to file

18   its first amended complaint ("FAC.")  (Doc. No. 37.)  For  the reasons explained herein, the Court

19   grants  the motion.

20                                    **BACKGROUND**

21   Factual Background

22          Plaintiff Hansen Beverage Co. ("Hansen") brings this action for false advertising against

23   defendant Vital Pharmaceutical, Inc. ("VPX").  Plaintiff produces the "Monster" energy drink and

24   other energy beverages.  Defendant produces the "REDLINE Power Rush! 7-Hour Energy Boost"

25   2-ounce energy shot ("Power Rush") and the REDLINE Ultimate Energy Rush ("Redline") energy

26   drink.  Plaintiff seeks to amend its complaint based VPX's claims in its recent print

27   advertisements.  Specifically, Plaintiff objects to the advertisements' claims that: Redline is

28   "growing 16 times faster than the National Average for Energy Drinks;" AC Nielsen ranked

Redline sixth in San Francisco, Los Angeles, and Phoenix, and seventh in Dallas; Redline has sustained "Over 100 Times the growth rate of REDBULL and MONSTER in L.A.!;" and Power Rush is the "#1 Energy Shot in Los Angeles!"  (Motion at 1.)  Plaintiff asserts the AC Nielsen reports VPX cites in its advertisements do not support VPX's claims.  Plaintiff sent VPX  a cease and desist letter to stop the advertisements on January 2, 2009, and received no response.  Based on VPX's advertising, Plaintiff seeks to add new factual allegations and a cause of action for trade libel to an FAC.

Procedural Background

Plaintiff filed suit on August 21, 2008 (Doc. No. 1,)  alleging two causes of action: (1) false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a); and (2) false advertising and unfair competition in violation of California Business and Professions Code Sections 17200 and 17500.  On October 9, 2008, defendant filed an answer to the complaint.  (Doc. No. 24.)  On February 27, 2009, Plaintiff filed the instant motion for leave to file an FAC. (Doc. No. 37.)  Plaintiff attached the proposed FAC to its motion.  (Ex. B to McIntyre Decl. ISO Motion, Doc. No. 37-3.)  VPX has filed a response indicating it does not oppose Plaintiff's motion.  The Court finds the motion suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).

**DISCUSSION**

I.    Legal Standard

Under Fed. R. Civ. P. 15, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2) (2009).  "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'"  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  However, "not all of the factors merit equal weight ... it is the consideration of prejudice to the opposing party that carries the greatest weight."  Id. at 1052.  "Absent prejudice, or a strong showing of any of the remaining Foman

1   factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."

2   Eminence Capital, 316 F.3d at 1052 (emphasis in original).  The decision of whether or not to

3   grant leave to amend under Rule 15(a) is within the sound discretion of the district court.

4   California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

5   II.        Analysis

6          The touchstone of the Rule 15(a) inquiry is whether the proposed amendment would

7   unfairly prejudice the defendant.  Eminence Capital, 316 F.3d at 1052 (emphasis in original).  The

8   party who opposes amendment bears the burden of demonstrating the prejudice.  DCD Programs,

9   Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  In the present case, VPX has not opposed

10  Plaintiff's motion, and therefore has made no demonstration of prejudice.  Similarly, there has

11  been no strong showing Plaintiff has requested the amendment in bad faith, that Plaintiff has

12  unduly delayed in seeking to amend, or that the amendment would be futile.[1]  Absent these

13  showings, there is a presumption in favor of granting Plaintiff leave to amend under Rule 15(a).

14  Eminence Capital, 316 F.3d at 1052.  Accordingly, the Court grants Plaintiff's motion for leave to

15  file an FAC.

16                                      **CONCLUSION**

17         For the reasons set forth herein, the Court **GRANTS** Plaintiff's motion for leave to file a

18  FAC.  The Clerk shall docket Exhibit B to the Declaration of Edward J McIntyre in support of

19  Plaintiff's motion (Doc. No. 37-3.) as Plaintiff's First Amended Complaint.

20

21  **IT IS SO ORDERED.**

22

23  **DATED:  April 17, 2009**

24                                       *Irma E. Gonzalez*
                                         _____
25                                       **IRMA E. GONZALEZ, Chief Judge**
                                         **United States District Court**

26

27

28

---

   [1]  This is Plaintiff's first attempt to amend the complaint, so the Foman factor of "repeated failure to cure deficiencies by amendments" is inapplicable here.