1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10  HANSEN BEVERAGE COMPANY, a            Civil No.    08cv1545 IEG (POR)
    Delaware corporation,
11
                            Plaintiff,    **ORDER GRANTING JOINT MOTION**
12                                        **FOR PROTECTIVE ORDER**
                v.
13                                        **(Doc. No. 64.)**
    VITAL PHARMACEUTICAL, INC., a Florida
14  Corporation aka VPX,

15                          Defendant.

16
17          This matter comes before the Court upon joint motion of the parties that this Court issue an

18  Order concerning the protection of confidential information in this case.  The Court, finding that the

19  motion is well-taken to expedite the flow of discovery material, facilitate the prompt resolution of

20  disputes over confidentiality, and adequately protect material entitled to be kept confidential; it is

21  hereby ORDERED, as follows with respect to documents and things produced or made available for

22  inspection and designation for copying by any of the parties hereto and all others associated with

23  them:

24          1.   This Protective Order ("Order") shall apply to the above-captioned matter.

25          2.   This Order shall bind all parties, agents, attorneys, consultants and representatives of

26  each party, and any other signatory to this Order.

27          3.   The terms and conditions of this Order shall govern the production and handling of

28  documents, answers to interrogatories, responses to requests for admissions, deposition transcripts,

pleadings, exhibits, other discovery, and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas in this matter, the disclosure of deposition testimony, or the content of any information within such testimony.

4.   "Confidential Information" means any type of information which is designated as confidential by the supplying party, whether it be a document, information contained in a document, information revealed during a deposition, electronic information, information revealed in an interrogatory answer, or otherwise.  Confidential Information shall be confidential as of the date the other party should know such information is so designated.

5.   Only "Qualified Persons" are authorized to view Confidential Information in this case. Qualified Persons are defined as:

(a)  Attorneys of record in this litigation and secretaries, paralegals, law clerks and support staff employees of such attorneys to whom it is necessary that the information be disclosed for purposes of this litigation;

(b)  Independent experts (i.e., persons with expertise who are not currently employed or consulting with any competitors of the parties, and who have no intention or expectation of being employed or consulting with any competitors of the parties) who are retained by a party or its attorneys of record in this litigation solely as an independent expert for the purpose of this litigation and who agrees in writing to be bound by the terms of this Protective Order.  The independent expert must complete and sign a Confidentiality Agreement in the form of Exhibit A, attached hereto.  A copy of that Agreement and a CV for the expert must be provided to the other party at least ten (10) days before access is allowed to the Confidential Information.

(c)  Court personnel and their staff;

(d)  Two officers or employees from each party designated specifically by each party, who agree, in writing, to be bound by the terms of this Protective Order.  The officers must complete and sign a Confidentiality Agreement in the form of Exhibit A, attached hereto.  A copy of that Agreement must be provided to the other party at least ten (10) days before access is allowed to the Confidential Information.

(e) Any other person who is designated as a Qualified Person by Order of this Court, after notice to all parties, or who, by written agreement of the parties, is designated as a Qualified Person. Any person designated under this subparagraph must complete and sign a Confidentiality Agreement in the form of Exhibit A, attached hereto. A copy of that Agreement must be given to the other party before access is allowed to the Confidential Information.

6. Documents and things produced which contain "Confidential Information" shall be designated as such by marking each page of the document or thing, or conspicuously marking any disc or any medium containing electronic data at or before the time of production substantially as follows:

"CONFIDENTIAL"

or

"CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER"

In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged, before or after an inspection of the originals by the other party.

7. Any information designated as Confidential Information shall not be (1) made available, directly or indirectly or through paraphrasing, by the party receiving it to any persons or entities other than Qualified Persons, or (2) used by the other party for any purpose other than in connection with this litigation.

8. The use of information which has been designated as "Confidential Information" pursuant to the terms of this Protective Order may be further restricted by the additional designation of such information as "For Attorney's Eyes Only" or "Attorney's Eyes Only." In the event that information designated as "Confidential Information" is later desired by a party to come within the "Attorney's Eyes Only" category, such information and/or documents can be added to such category if mutually agreed to by the parties or upon Order of this Court upon appropriate motion. The only persons who shall have access to Confidential Information designated for "Attorney's Eyes Only" shall be limited to the persons qualified under paragraphs 2(a), 2(b) and 2(c) above. Such

designation shall be made by marking each page of the document or thing, or conspicuously marking any disc or any medium containing electronic data at or before the time of production substantially as follows:

///

///

"CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY"

or

"CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY

PURSUANT TO PROTECTIVE ORDER"

In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged, before or after an inspection of the originals by the other party.

9.   Documents or information disclosed at a deposition may be designated as Confidential Information, or additionally for Attorney's Eyes Only, by indicating (1) on the record at the deposition that the particular testimony is Confidential Information, or additionally for Attorney's Eyes Only, and subject to the provisions of this Protective Order or (2) by indicating in writing within twenty (20) days of receipt of the transcript by counsel that the particular testimony is Confidential Information, or additionally for Attorney's Eyes Only, and subject to the provisions of this Protective Order.  Until such information is so designated or until the twenty (20) day period passes, the material is to be treated as if Confidential Information and for Attorney's Eyes Only. Otherwise, such information will be deemed free of this Protective Order.

10. Notwithstanding any other provision of this Protective Order, a party may, in a deposition, show any witness any document or thing designated as Confidential Information by the other party which that witness (i) has previously seen or (ii) would be authorized to see as a result of his or her past or current employment.

11. Use of Confidential Information, including Attorney's Eyes Only information, shall be permitted at trial, although the confidentiality of such information at trial may be governed by a trial protective order if such an order is stipulated to by the parties or requested by a party and entered by

the Court.  In the event a witness is entitled to view Confidential Information, the designating party shall have the right to have all persons, except the witness, counsel for the witness and all Qualified Persons, excluded before the taking of testimony or any part thereof which the designating party designates as "CONFIDENTIAL" subject to this Order.  Similarly, if a witness is entitled to view Attorney's Eyes Only information, the designating party shall have the right to have all persons (except the witness, counsel of record for named parties, counsel for the witness, members of counsels' regularly employed office staffs as are necessary for the conduct of this case, independent experts and court personnel) excluded before the taking of testimony or any part thereof which the designating party designates as "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" subject to this Order.

12. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as Confidential Information consents, in writing, to such disclosure, withdraws the "Confidential" designation, or if the Court, after notice to all parties, orders such disclosure.

13. If a party is advised, in writing, after production of documents, that previously produced documents should be considered as "Confidential" or "Attorney's Eyes Only" the receiving party shall make reasonable efforts to comply with the new designation, including efforts to seek the return of any documents distributed in a manner inconsistent with the designation, but shall not be liable for any prior distribution so long as such prior distribution was consistent with the initial designation or lack thereof.  The receiving party may not argue waiver of the confidential designation merely by virtue of such later designation even if non-confidential disclosure has occurred in the interim.  However, such confidential designation shall not apply to the extent divulged before such designation.

14. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such a designation.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential or Attorney's Eyes Only, that party shall notify the party asserting confidentiality in writing as to specific objections, along with

the bases (both factual and legal) for the objection.  The parties shall then confer in a good faith effort to resolve any differences and shall, if necessary, agree to the implementation of procedures to orderly advance and promote discovery while maintaining each parties' proprietary interest.  If the dispute cannot be resolved, or if an emergency develops, the objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving the same.

15. Parties <u>must</u> seek leave of Court to file any document(s) under seal from the Judge presiding over the particular hearing for which the parties wish to file the document(s).  Subject to Court approval, all discovery and other material filed with the Court including, inter alia, transcripts of depositions, exhibits, briefs and memoranda, which comprise or contain Confidential Information shall be filed and kept by the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the contents of such sealed envelope or other container, the identity of the party filing the materials, the word "CONFIDENTIAL" and a statement substantially in the following form:

> "This envelope (container) contains documents (objects) subject to the protective order entered in this action.  It is not to be opened nor the contents thereof displayed, revealed or made public, except by order of the Court."

No such sealed envelope or container shall be opened except upon further order of the Court granted pursuant to motion made upon ten (10) business days written notice to counsel of record for all named parties and to counsel for the designating party.  Such order shall specifically identify by name and address the person(s) who may have access to the sealed file and shall specifically designate the portion(s) of the sealed file to which such person(s) may have access.

16. The Clerk will not automatically file documents under seal without a Court order corresponding to the particular documents.  Upon Court approval to file under seal, the Clerk of this Court is directed to maintain under seal all documents, objects, and transcripts of deposition testimony filed in Court in this litigation which have been designated, in whole or in part, as Confidential Information by a party to this action.

17. Within sixty (60) days after the conclusion of this litigation, originals or reproductions of any documents or things produced by a party containing Confidential Information shall be returned to the producing party or destroyed, except that the office of each principal counsel may retain for its archive a single copy of all deposition and hearing transcripts, all deposition exhibits, all correspondence, and all papers filed with the Court.  There shall be no restriction on the disclosure or use of any trial exhibits, unless the exhibits were filed under seal and the Court has not lifted any such restriction on the same.  Any party seeking to retrieve Confidential Information that it produced must bring an ex parte motion for an order authorizing the return of such Confidential Information.

18. Insofar as the provisions of this Protective Order restrict the communication and use of documents or objects, such Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Protective Order.

19. Nothing herein shall be construed as an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the litigation.  The parties designation of any material as "CONFIDENTIAL" and treatment as such under the terms of this Order shall not constitute an admission by the parties that the material so designated is in fact confidential.

20. This Order shall be without prejudice to the right of any person to object to the production of any discovery material on the basis that such material is protected as a privileged communication or work product.

21. This Order shall be without prejudice to the right of any person to apply to the Court for such further protective orders as justice may require.

22. Third parties that produce documents in connection with this litigation may produce them subject to the terms of this Order.

23. Nothing in this Order shall bar or otherwise restrict any counsel for a party from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his or her examination of materials designated "CONFIDENTIAL" or "CONFIDENTIAL-

ATTORNEY'S EYES ONLY," provided that no disclosure of the substance of any such material shall be made except as (i) permitted herein or (ii) if such statement is a general conclusory statement indicating the nature and strength of the proofs the other party (or any third party) has offered.

24. This Order has been entered to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

25. This Order shall remain in full force and effect throughout this action and after its conclusion and until modified, superseded or terminated by Order of the Court or by agreement of the parties.

26. In the event of a violation of this Order, nothing in this Order shall prevent the non-violating party from seeking all appropriate remedies against the violating party, including contempt, injunctive relief or whatever else the court deems appropriate.

27. Within 60 calendar days of the final termination of this case, parties shall file an ex parte motion authorizing the court to order the documents be either destroyed or returned to the party that produced them.

28. The Court may modify the terms and conditions of this Protective Order for good cause, in the interest of justice, or on its own order at any time during the pendency of this action.

29. Absent a separate Court order, neither this Protective Order nor the parties' stipulation is intended, nor shall be deemed, to change, amend, or circumvent any Court Rule or Local Rule.

Approved as to form and substance:

DATED:  September 16, 2009          SOLOMON WARD SEIDENWURM &
                                                            SMITH


                                          By      */s/ Thomas F. Landers*

                                                  Norman L. Smith, Esq.
                                                  Tanya M. Schierling, Esq.
                                                  Thomas F. Landers, Esq.

Attorneys for Plaintiff

DATED: September 16, 2009                PERKINS COIE LLP

By:      */s/ Ramsey M. Al-Salam*

Ramsey M. Al-Salam, Esq.
Attorneys for Defendant

**IT IS SO ORDERED.**
DATED: October 1, 2009

LOUISA S PORTER
United States Magistrate Judge

- 9 -

08cv1545