1   ALAN J. DROSTE [SBN 105616]
     adroste@kpdlex.com
2   KING PARRET & DROSTE LLP
     450 Newport Center Drive, Suite 500
3   Newport Beach, CA 92660
     Telephone: (949) 644-3484
4   Facsimile: (949) 644-3993

5   KALINA PAGANO (*pro hac vice*)
     kpagano@vpxsports.com
6   VICTORIA N. GODWIN (*pro hac vice*)
     vickeyg@vpxsports.com
7   VITAL PHARMACEUTICALS, INC.
     1600 North Park Drive
8   Weston, FL 33326
     Telephone: (954) 641-0570
9   Facsimile: (954) 389-6254

10  Attorneys for Vital Pharmaceuticals, Inc.

11

12              UNITED STATES DISTRICT COURT

13           SOUTHERN DISTRICT OF CALIFORNIA

14  HANSEN BEVERAGE COMPANY, a    Case No. 08-CV-1545 IEG (WVG)
    Delaware corporation,
15                     **EVIDENTIARY OBJECTIONS AND**
                     **REQUEST TO STRIKE PORTIONS OF**
16         Plaintiff,         **THE DECLARATIONS AND REPORTS OF**
                     **ROBERT KENNEDY, ITAMAR SIMONSON,**
17       v.            **TANYA SCHIERLING, AND EXHIBITS  IN**
                     **THE NOTICE OF LODGMENT, IN SUPPORT**
18  VITAL PHARMACEUTICAL, INC aka  **OF DEFENDANT VITAL**
    VPX, a Florida corporation,       **PHARMACEUTICALS, INC.'S MOTION FOR**
19                     **PARTIAL SUMMARY JUDGMENT ON**
         Defendant.       **PLAINTIFF'S CLAIMS FOR DAMAGES**
20

21                     Before:    Hon. Irma E. Gonzalez
                     Date:      April 12, 2010
22                     Time:      10:30 a.m.
                     Courtroom: 1

23      Defendant Vital Pharmaceuticals, Inc. ("VPX") presents the following Evidentiary

24  Objections and Request to Strike Portions of the Declarations and Reports of Patrick Kennedy

25  ("Kennedy") and Itamar Simonson ("Simonson"), the Declaration of Tanya Schierling, and

26  Exhibits attached to the Notice of Lodgment filed by Hansen Beverage Company ("Hansen") in

27  support of its Opposition to the Motion of VPX for Summary Judgment, Or In The Alternative,

28  Summary Adjudication of Issues.                                  .

I.      INTRODUCTION.

The Declaration of Patrick Kennedy, Hansen's damages expert, and his attached report expressly state that Kennedy has no basis for presenting any support for a damages claim, even though VPX's produced its financial information on March 3.  The Kennedy Declaration and Kennedy report provide no evidence supporting Hansen's damages claim and are irrelevant.

The Declaration of Itamar Simonson, Hansen's marketing expert, merely authenticates his report.  That report fails to establish a rationale for the opinions in accordance with proper legal requirements for presenting surveys to consumer understanding not found in the express marketing statements, and moreover it fails to address the issue of the determination of damages.  As support for the objections with regard to Dr. Simonson's report, excerpts from the deposition transcripts of Itamar Simonson are attached as Exhibit A to the concurrently filed Droste Declaration.

The Declaration of Tanya Schierling purports to authenticate exhibits attached to a Notice of Lodgment.  The Schierling Declaration and these exhibits also fail to present relevant evidence to create a triable controversy on damages.

Summary judgment cannot be avoided by the presentation of speculation, and instead the opposing party must present admissible evidence that creates a triable controversy on material facts.

Federal Rules of Evidence, Rule 702, provides as follows regarding the requirements for expert testimony.

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"Though the district judge serves as a gatekeeper for expert evidence, it is an important role designed to extract evidence tainted by farce or fiction.  Expert evidence based on a fictitious set of facts is just as unreliable as evidence based upon no research at all.  Both analyses result in pure

speculation.  We find the testimony properly excluded on this ground." Guillory v. Domtar Industries Inc., 95 F.3d 1320, 1331 (5 C.A. 1996), emphasis added.  See also Clock Spring, L.P. v. Wrapmaster, Inc., 2008 WL 6759952 *8 (S.D. Tex Feb. 12, 2008) (recommending defendant's motion for summary judgment be granted based on speculative expert opinions).

An expert opinion is rejected if it is not based on the correct legal standard applicable to the case, such as here, the law governing false advertising.  Straumann Company v. Lifecore Biomedical Incorporated, 278 F. Supp. 2d 130, 135 (D. Mass 2003) (expert's conclusion "is based on an erroneous legal standard, and the opinion cannot defeat summary judgment").  See also In re Omnicom Group, Inc. Securities Litigation, 2010 WL 774311, *10 (C.A.2 N.Y.) (summary judgment granted despite conflicting expert study which was found insufficient to create genuine dispute).

The correct legal standard for evaluating the alleged falsity of efficacy statements such as "*7 Hour Energy Boost" is whether the stated effects are experienced by the average consumer, not "all" of them on "each" occasion.  See Tambrands, Inc. v. Warner-Lambert Co., 673 F. Supp. 1190, 1194 (S.D.N.Y. 1987), in which the defendant, in support of its advertising claims, contended that all negative pregnancy results (as opposed to all positive results as well) could be known in ten minutes – not that the product would thus perform for "all" consumers.  Id. at 1193, fn. 5.  The legal test for the truthfulness of the efficacy claim was with reference to whether "the majority of women will know" both positive and negative pregnancy test results in ten minutes.  Id. at 1194.  This "average consumer" test for efficacy claims is the legal standard.  See also VPX's Opp. to Hansen's MPSJ, pp. 10-13: Morris v. Group W, Inc., 66 F.3d 255, 257-8 (9th Cir. 1995); Hansen Beverage Co. v. Innovation Ventures, LLC, 2009 WL 1543451 *2 (E.D. Mich. June 2, 2009).

Assertions about "impressions" likely to be understood by consumers that are not expressed in the subject marketing statement must be evidenced by valid consumer surveys or other appropriate evidence and cannot be based on conjecture.  See SmithKline Beecham Consumer Healthcare., L.P. v. Johnson & Johnson-Merck Consumer Pharmaceuticals, Co., 906 F. Supp. 178 (S.D. N.Y. 1995).  See also  Federal Rules of Evidence, Rule 702; Guillory v. Domtar Industries

Inc., 95 F.3d supra at 1331 (5 C.A. 1996) (holding that the district court properly excluded expert testimony, which was not based upon the facts in the record but on altered facts and speculation designed to bolster plaintiff's position).

As support for these objections, excerpts from the deposition transcripts are attached as Exhibits to the concurrently filed Droste Declaration.

The Court is respectfully requested to make rulings on these objections at the time of the hearing.

II.      OBJECTIONS TO KENNEDY REPORT.

Kennedy admits that neither his declaration nor his report provides any information regarding the calculation of damages, whether as to amount or methodology.  As explained below, VPX objects to that report as follow:

A.      Lacking foundation.

B.      Speculative.

C.      Irrelevant.

D.      Improper opinion.

E.      Improper legal conclusion.

The Kennedy report offers nothing that can be used to support Hansen's damages claim. Rather, despite VPX's production of its financial records on March 3, Kennedy admits that he has nothing to present as of March 22, 2010, the date Hansen's opposition was due.

III.     OBJECTIONS TO ITAMAR SIMONSON REPORT.

Simonson provides no substance in his declaration and merely authenticates his prior report.  As explained below, VPX objects to that report as follows:

A.      Failure to base opinions on consumer surveys regarding interpretation of "*7 Hour Energy Boost" and "No Crash" message.

B.      Failure to present opinion based on correct legal standard.

C.      Lacking foundation.

D.      Speculative.

E.      Irrelevant.

F.      Improper opinion.

G.      Improper legal conclusion.

Simonson's report, not based on a consumer survey or any other proper basis, speculates that "An energy drink presented as providing seven hours of energy and no crash is ***likely to create the impression*** that a comparison energy drink that does not promise such benefits is clearly inferior." (Emphasis added.)   He further speculates that "Such (mis)perceptions of brand superiority will likely cause the comparison brand, including Hansen's Monster Energy, a significant loss of sales."  Moreover, his speculation about any likelihood of a "significant loss in sales" is inadmissible and fails to create a triable controversy.

Simonson's conclusions are nothing but speculation.  (Simonson Deposition, pages 14, 15, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 32, 33, 36, 43, 44, 53, 54, 56, 73, 74, 75, 82, 83, 84, 85, 86, 87, 88, 91, 92, 93, 94, 95, 96, 97, 98 and 101; Exhibit A to Droste Decl.)  His holding a Ph.D. in marketing does not place him in any superior position to make these speculative statements, and his report should be rejected by the Court.  Opining on what he thinks the "likely" message to consumers will be based on this record is inadmissible speculation and inadmissible for ignoring the correct legal standard.

As is apparent from his deposition testimony, Simonson also has no relevant information and provides no rationale to support a damages claim.

IV.     OBJECTIONS TO THE SCHIERLING DECLARATION AND EXHIBITS ATTACHED
        TO THE NOTICE OF LODGMENT.

        VPX objects to the Schierling Deposition and to the Exhibits attached to the Notice of
Lodgment, and their contents, as follows:

Exhibit 1: Declaration of Rodney Sacks in Support of Motion for Preliminary Injunction.

        (1)     Paragraph 16, in its entirety.

                A.      Lacking foundation.

                B.      Speculative.

                C.      Irrelevant.

                D.      Improper opinion.

                E.      Improper legal conclusion.


        (2)     Paragraph 17, in its entirety.

                A.      Lacking foundation.

                B.      Speculative.

                C.      Irrelevant.

                D.      Improper opinion.

                E.      Improper legal conclusion.


        (3)     Paragraph 18, in its entirety.

                A.      Lacking foundation.

                B.      Speculative.

                C.      Irrelevant.

                D.      Improper opinion.

                E.      Improper legal conclusion.


        (4)     Paragraph 19, in its entirety.

                A.      Lacking foundation.

B.    Speculative.

C.    Irrelevant.

D.    Improper opinion.

E.    Improper legal conclusion.


(5)    Paragraph 20, lines 14-16: the phrase "instead of Hansen's specifically because of Vital Pharmaceutical's false advertising" and the phrase "as a direct or at least substantial result of potential customers having been driven away."

A.    Lacking foundation.

B.    Speculative.

C.    Irrelevant.

D.    Improper opinion.

E.    Improper legal conclusion.


Exhibit 2: Excerpts from the Sacks November 17, 2009 deposition.

A.    Lacking foundation and authentication.

B.    Speculative.

C.    Irrelevant.

D.    Improper opinion.

E.    Improper legal conclusion.


Exhibit 3: Excerpts from the Hall January 8, 2010 deposition.

A.    Lacking foundation and authentication.

B.    Speculative.

C.    Irrelevant.

D.    Improper opinion.

E.    Improper legal conclusion.

<u>Exhibit 4: Excerpts from the Owoc September 8, 200 deposition.</u>

        A.      Irrelevant to this proceeding.

<u>Exhibit 5: Excerpts from the Purvis December 30, 200 deposition.</u>

        A.      Irrelevant to this proceeding.

<u>Exhibit 7: Copy of purported AC Nielsen report.</u>

        A.      Lacking foundation and authentication.

        B.      Speculative.

        C.      Irrelevant.

        D.      Improper opinion.

        E.      Improper legal conclusion.

<u>Exhibit 8: Copy of purported AC Nielsen report.</u>

        A.      Lacking foundation and authentication.

        B.      Speculative.

        C.      Irrelevant.

        D.      Improper opinion.

        E.      Improper legal conclusion.

1    Dated: March 29, 2010                    Respectfully Submitted,

2                                                /S/  Alan J. Droste

3                                             ALAN J. DROSTE [SBN 105616]
                                              adroste@kpdlex.com
                                              KING PARRET & DROSTE LLP
4                                             450 Newport Center Drive, Suite 500
                                              Newport Beach, CA 92660
5                                             Telephone: (949) 644-3484
                                              Facsimile:  (949) 644-3993

6
                                              KALINA PAGANO (*pro hac vice*)
7                                             kpagano@vpxsports.com
                                              VICTORIA N. GODWIN (*pro hac vice*)
8                                             vickeyg@vpxsports.com
                                              VITAL PHARMACEUTICALS, INC.
9                                             1600 North Park Drive
                                              Weston, Florida  33326
10                                            Telephone:  (954) 641-0570
                                              Facsimile:  (954) 389-6254

11
                                              Attorneys for Defendant
12                                            Vital Pharmaceuticals, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 08-CV-1545 IEG (WVG)          -8-        EVIDENTIARY OBJECTIONS
                                                  AND REQUEST TO STRIKE

1

**CERTIFICATE OF SERVICE BY ELECTRONIC DELIVERY – CM/ECF**

2

I, Alan J. Droste, hereby declare as follows:

3

   1.   I am over the age of 18 years and am not a party to the within cause.  I am employed in

4

the County of Orange, State of California.

5

   2.   My business address is 450 Newport Center Drive, Suite 500, Newport Beach, California,

6

92660.

7

   3.   On March 29, 2010, I served a true copy of the attached document titled exactly:

8

**EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE PORTIONS OF THE
DECLARATIONS AND REPORTS OF ROBERT KENNEDY, ITAMAR SIMONSON,**

9

**TANYA SCHIERLING, AND EXHIBITS  IN THE NOTICE OF LODGMENT, IN
SUPPORT OF DEFENDANT VITAL PHARMACEUTICALS, INC.'S MOTION FOR**

10

**PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS FOR DAMAGES**

11

by causing it to be electronically filed with the Clerk of the Court using the CM/ECF system,

12

which sent electronic notification of such filing to all other persons appearing on the docket

13

sheet, intended to be listed below:

14

Edward J. McIntyre <emcintyre@swsslaw.com>          Counsel for Plaintiff
Tanya M. Schierling <tschierling@swsslaw.com>

15

Jenny L. Dixon <jdixon@swsslaw.com>
Michael M. Vasseghi <mvasseghi@swsslaw.com>

16

Thomas F. Landers <tlanders@swsslaw.com>
Solomon Ward Seidenwurm & Smith

17

401 B Street, Suite 1200
San Diego, CA  92101

18

19

Kalina Pagano <kpagano@vpxsports.com>          Co-Counsel for Defendant
Victoria N. Godwin <vickeyg@vpxsports.com>

20

Vital Pharmaceuticals, Inc.
1600 Northpark Drive

21

Weston, FL  33326

22

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 29th day of

23

March, 2010, at Newport Beach, California.

24

_____/S/ Alan J. Droste_____

25

Alan J. Droste
<adroste@kpdlex.com>

26

27

28