ALAN J. DROSTE [SBN 105616]
adroste@kpdlex.com
KING PARRET & DROSTE LLP
450 Newport Center Drive, Suite 500
Newport Beach, CA 92660
Telephone: (949) 644-3484
Facsimile: (949) 644-3993

KALINA PAGANO (*pro hac vice*)
kpagano@vpxsports.com
VICTORIA N. GODWIN (*pro hac vice*)
vickeyg@vpxsports.com
VITAL PHARMACEUTICALS, INC.
1600 North Park Drive
Weston, FL 33326
Telephone: (954) 641-0570
Facsimile: (954) 389-6254

Attorneys for Vital Pharmaceuticals, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>VITAL PHARMACEUTICAL, INC aka VPX, a Florida corporation,<br><br>Defendant. | Case No. 08-CV-1545 IEG (WVG)<br><br>**RESPONSE OF DEFENDANT VITAL PHARMACEUTICALS, INC. TO PLAINTIFF'S OBJECTIONS TO AND MOTION TO STRIKE RE VITAL'S EVIDENTIARY OBJECTIONS AND RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS IN SUPPORT OF VITAL'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Before:   Hon. Irma E. Gonzalez<br>Date:     April 12, 2010<br>Time:     10:30 a.m.<br>Courtroom: 1 |

Defendant Vital Pharmaceuticals, Inc. ("VPX") presents the following Response to the Objections To And Motion To Strike Evidence of Hansen Beverage Company ("Hansen") submitted on April 8, 2010 (D.E 122).

## I. INTRODUCTION AND SUMMARY OF ARGUMENT.

On March 29, 2010, in reply to Hansen's opposition to VPX's Motion for Summary Judgment, or in the Alternative Partial Summary Judgment (D.E. 107; the "Motion"), VPX timely filed documents as part of its reply papers: (1) Evidentiary Objections and Request to Strike Portions of the Declarations and Reports of Thomas P. Davis, I. Glenn Sipes, Robert Girandola and Itamar Simonson (D.E. 120-1), supported by the Droste Declaration and Exhibits (D.E. 120-2); and (2) Response to Hansen's Evidentiary Objections and Motion to Strike Affidavits (D.E. 120-3), supported by the Pagano Declaration and Exhibits (D.E. 120-4). The evidence submitted in support of VPX's Evidentiary Objections and its Response to Hansen's evidentiary objections is not "new evidence" in support of VPX's Motion. Rather, all of the supporting evidence demonstrates both that Hansen's purported "evidence" in opposition is inadmissible to create a genuine dispute and that Hansen's objections to the evidence supporting VPX's Motion are without merit.

Although Hansen possessed VPX's reply papers since March 29, it waited until after close of business on April 8 to file unauthorized and insupportable additional objections. Those objections should be disregarded and/or overruled.

## II. THE "EVIDENCE" HANSEN POINTS TO IS NOT "NEW EVIDENCE" IN SUPPORT OF VPX'S MOTION FOR SUMMARY JUDGMENT.

VPX "incorporated by reference" its Response in opposition to Hansen's Motion for Summary Judgment as a means of avoiding repetitive legal argument. This Court had ordered all of these motions be heard as part of the same proceedings (D.E. 111), and Hansen's motion covers one of the same issues – the "7 hour" marketing statement – which is addressed in VPX's Motion.

As is plain from VPX's reply papers, the evidence submitted by VPX on March 29, 2010, in support of its Objections demonstrates that the "expert" reports and declarations filed by Hansen with its opposition do not create a genuine dispute. Also, Hansen's objections to the Buffington Declaration, in light of his reports and additional deposition testimony which Hansen omits from its disingenuous objections, are shown to be without merit in light of the actual reports and deposition testimony of Dr. Buffington, which are provided in Response to Hansen's objections. The Court should review this material in granting VPX's objections and in overruling Hansen's.

### III. HANSEN ITSELF MADE THE GRIFFITHS AND CHILDS STUDIES PART OF THE RECORD ON VPX'S SUMMARY JUDGMENT MOTION, AND THE COURT CAN TAKE JUDICIAL NOTICE OF THESE STUDIES.

The Buffington Declaration – as he had testified at length in his deposition – relied on the findings of Childs and Griffiths, among other reports, to state his opinion that the amount of caffeine remaining for metabolism in the bloodstream of an average consumer seven hours after consumption of a single serving of Power Rush is amply sufficient to provide energy. The Buffington Declaration cites the Childs and Griffiths studies and sets forth their findings.

In addition, VPX's Motion at page 5 expressly states that it is based, among other things, on "the complete files and records of this action, <u>on the matters of which the Court may take judicial notice</u>, and on such other and further materials as may be presented and considered by the Court prior to ruling on this Motion." (Emphasis added.) As part of Hansen's opposition, filed on March 22, 2010, Hansen submitted a Notice of Lodgment (D.E. 115-7), which attaches as <u>Exhibits 4 and 5</u>, respectively, the full copies of the very studies by Childs and Griffiths relied upon by Dr. Buffington. Accordingly, the Court can and should take judicial notice of this additional material, over which there is no dispute about authenticity, which Hansen also has provided and made part of the record of these proceedings.

### IV. THE PAGANO DECLARATION AND EXHIBITS SUPPORT VPX'S RESPONSE TO HANSEN'S EVIDENTIARY OBJECTIONS AND ARE NOT "NEW EVIDENCE" IN SUPPORT OF VPX'S MOTION.

Despite Hansen's mischaracterizations, the Pagano Declaration and the attached Exhibits were not new evidence in support of VPX's Motion submitted for the first time on reply. Rather, the Pagano Declaration and attached Exhibits were submitted in support of VPX's Response to Hansen's Evidentiary Objections in opposition to VPX's Motion for Summary Judgment. (See D.E. 120-3; 120-4)  The Pagano Declaration and the attached Exhibits were provided to demonstrate that, by Hansen's mischaracterizing and omitting relevant parts of the record with regard to Dr. Buffington, Hansen had submitted objections that were without merit.

1   VPX was fully entitled to respond to Hansen's Evidentiary Objections, and VPX did so with supporting documentation that demonstrates the invalidity of Hansen's objections. Hansen also inaccurately asserts that VPX had never provided anything more than the authors' names and the dates of the Childs and Griffiths studies. Contrary to Hansen's misleading objections, VPX has demonstrated not only that Dr. Buffington's opinion was not changed from the outset, but also that Hansen was provided with and fully examined Dr. Buffington on the Childs and Griffiths reports during his deposition. (See D.E. 120-3; 120-4.) Again, these are the same reports Hansen makes part of the record by its Notice of Lodgment. (D.E. 115-7, <u>Exhibits 4 and 5</u>.)

There is no law, and Hansen cites none, to support its assertion that VPX's expert opinion testimony, properly based on existing research studies on caffeine metabolism, must be limited to those studies that were referenced by VPX in party discovery. Only by attempting to apply an incorrect and insupportable legal standard does Hansen make such an assertion. Rather, Hansen's pleading placed at issue its claim that the "*7 Hour Energy Boost" tag line is "untruthful based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology." Dr. Buffington demonstrated that there is no genuine dispute to support Hansen's claim based on "generally accepted principles of biochemistry, pharmacology and physiology." Hansen has no valid basis to exclude Dr. Buffington's declaration, and Hansen's evidentiary objections should be overruled.

V.  <u>THE DROSTE DECLARATION AND EXHIBITS SUPPORT VPX'S EVIDENTIARY OBJECTIONS TO HANSEN'S EXPERT REPORTS AND DECLARATIONS AND ARE NOT "NEW EVIDENCE" IN SUPPORT OF VPX'S MOTION.</u>

The factual record supporting VPX's Evidentiary Objections calls for the exclusion of Hansen's expert reports and declarations, which fail to create a genuine dispute. Hansen's belated objections once again mischaracterize VPX's Evidentiary Objections, supported by the Droste Declaration and Exhibits, which do not present new evidence submitted for the time on reply as factual support for VPX's Motion. Rather, the Droste Declaration and Exhibits were filed in support of VPX's Evidentiary Objections and Request to Strike. (See D.E. 120-1; 120-2.)

1  As is apparent from VPX's Objections and supporting Exhibits, the actual report and testimony of Hansen's pharmacological expert, Dr. Sipes, does not create a genuine dispute. Dr. Sipes does not dispute the mechanics of caffeine metabolism through successive "half-lives." He does not dispute the amount of caffeine available in the bloodstream after seven hours based on those average half-lives. Although his report attempts to point only to the shorter average half-life range of 3-5 hours (itself sufficient to grant VPX's Motion), he acknowledges in his deposition that 4-6 hours is essentially the same (consistent with the 5-hour average half-life in the Magkos study also advanced by and relied on Hansen to show a 2.5 to 10 hour range).

Hansen cannot challenge the authenticity of the Childs and Griffiths studies, and by stark contrast Hansen has never submitted a study showing that any amount of caffeine, whether 50 mg, 30 mg or lower, provides no energy. Indeed, Dr. Sipes testified he "does not know" the lowest amount of caffeine that would have no energizing effect.

Finally, Dr. Sipes' report does not take a position that there would not be energy from caffeine at seven hours following consumption of a single serving of Power Rush. Instead, Dr. Sipes testified that "he does not know" and would have to "speculate" about whether the energy from caffeine from a single serving of Power Rush after seven hours would prevent an average consumer from going to sleep and staying asleep. Nothing in the Sipes report submitted by Hansen creates a genuine dispute.

Similarly, the Girandola study, despite attempting to coach the subjects to report a biased result in favor of Hansen, was shown to be based on actual findings that support VPX's position. Only by applying an inaccurate legal standard that subjects must demonstrate energy on "all" measures, obscured by "averaging,' does Girandola disregard the actual objective and subjective findings of energy. Again, in light of his actual findings, under the correct legal standard, no genuine dispute is created by Dr. Girandola.

Dr. Simonson admits in his deposition that his report has no relevance to the issue of liability and simply assumes no scientific support for the "7 hour" statement. No reports or declarations filed with Hansen's opposition create a genuine dispute, as established by VPX's Evidentiary Objections and supporting material, including the deposition transcripts of Sipes,

1  Girandola and Simonson submitted as evidence in support of VPX's Evidentiary Objections to
2  Hansen's opposition to VPX's Motion.

3  VI.   CONCLUSION.

4       VPX's Motion addressed the contention placed at issue by Hansen's pleadings, that the "*7-
5  Hour Energy Rush" tag line allegedly was "untruthful based on the drink's ingredients and
6  generally accepted principles of biochemistry, pharmacology and physiology."  VPX's Evidentiary
7  Objections to Hansen's opposition and its Response to Hansen's objections do not constitute "new
8  evidence" in support of the Motion and accordingly should be accepted by the Court for the reasons
9  submitted.  VPX respectfully requests that the Court overrule Hansen's Objections and deny its
10 Motion to Strike.

11  Dated: April 9, 2010                           Respectfully Submitted,

12                                                    /S/  Alan J. Droste
                                                   ALAN J. DROSTE [SBN 105616]
13                                                 adroste@kpdlex.com
                                                   KING PARRET & DROSTE LLP
14                                                 450 Newport Center Drive, Suite 500
                                                   Newport Beach, CA 92660
15                                                 Telephone: (949) 644-3484
                                                   Facsimile:  (949) 644-3993
16
                                                   KALINA PAGANO (*pro hac vice*)
17                                                 kpagano@vpxsports.com
                                                   VICTORIA N. GODWIN (*pro hac vice*)
18                                                 vickeyg@vpxsports.com
                                                   VITAL PHARMACEUTICALS, INC.
19                                                 1600 North Park Drive
                                                   Weston, Florida  33326
20                                                 Telephone:  (954) 641-0570
                                                   Facsimile:  (954) 389-6254
21
                                                   Attorneys for Defendant
22                                                 Vital Pharmaceuticals, Inc.

23

24

25

26

27

28

Case No. 08-CV-1545 IEG (WVG)         -5-         RESPONSE DEFENDANT VITAL
                                                  PHARMACEUTICALS, INC. TO PLAINTIFF'S
                                                  OBJECTIONS TO AND MOTION TO STRIKE

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE BY ELECTRONIC DELIVERY – CM/ECF** |
| 2 | I, Alan J. Droste, hereby declare as follows: |
| 3 | 1. I am over the age of 18 years and am not a party to the within cause. I am employed in |
| 4 | the County of Orange, State of California. |
| 5 | 2. My business address is 450 Newport Center Drive, Suite 500, Newport Beach, California, |
| 6 | 92660. |
| 7 | 3. On April 9, 2010, I served a true copy of the attached document titled exactly: |
| 8-10 | **RESPONSE OF DEFENDANT VITAL PHARMACEUTICALS, INC. TO PLAINTIFF'S OBJECTIONS TO AND MOTION TO STRIKE RE VITAL'S EVIDENTIARY OBJECTIONS AND RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS IN SUPPORT OF VITAL'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |
| 11 | by causing it to be electronically filed with the Clerk of the Court using the CM/ECF system, |
| 12 | which sent electronic notification of such filing to all other persons appearing on the docket |
| 13 | sheet, intended to be listed below: |

| | |
|---|---|
| Edward J. McIntyre <emcintyre@swsslaw.com> | Counsel for Plaintiff |
| Tanya M. Schierling <tschierling@swsslaw.com> | |
| Jenny L. Dixon <jdixon@swsslaw.com> | |
| Michael M. Vasseghi <mvasseghi@swsslaw.com> | |
| Thomas F. Landers <tlanders@swsslaw.com> | |
| Solomon Ward Seidenwurm & Smith | |
| 401 B Street, Suite 1200 | |
| San Diego, CA  92101 | |
| | |
| Kalina Pagano <kpagano@vpxsports.com> | Co-Counsel for Defendant |
| Victoria N. Godwin <vickeyg@vpxsports.com> | |
| Vital Pharmaceuticals, Inc. | |
| 1600 Northpark Drive | |
| Weston, FL  33326 | |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of April, 2010, at Newport Beach, California.

                                                          /S/ Alan J. Droste
                                                          Alan J. Droste
                                                          <adroste@kpdlex.com>