# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY,<br><br>                                           Plaintiff,<br>  vs.<br><br>VITAL PHARMACEUTICAL, INC aka VPX, a Florida corporation,<br><br>                                           Defendant. | CASE NO. 08cv1545-IEG(WVG)<br><br>Order Granting in Part and Denying in Part Defendant Vital Pharmaceutical, Inc.'s Motion for Summary Judgment [Doc. No. 156] |

Presently before the Court is the motion for summary judgment filed by Defendant Vital Pharmaceutical, Inc. ("VPX"). Plaintiff Hansen Beverage Company ("Hansen") has filed an opposition and VPX has filed a reply. The Court found the motion appropriate for submission on the papers and without oral argument, and previously vacated the hearing date. For the reasons explained herein, VPX's motion is GRANTED IN PART AND DENIED IN PART.

### *Background*

By order filed April 27, 2010, the Court granted in part and denied in part the parties' cross motions for summary judgment. The Court denied VPX's motion for partial summary judgment on Hansen's claims that Power Rush (a) provides seven hours of energy, (b) results in "No Crash," and (c) is "The #1 Energy Shot in Los Angeles." [Doc. No. 128, p. 21.] The Court also denied VPX's motion for partial summary judgment on Hansen's claims relating to Redline Princess. [Id.] As to each of these claims, the Court found there were genuine issues of material fact precluding

1  summary judgment. [Doc. No. 28, pp. 13 (7-hour duration claim), 14 ("no crash" claim), 16-17
2  (Redline Princess claim), 17 (#1 in L.A.).] Thereafter, by order filed August 3, 2010, the Court
3  granted VPX's motion for summary judgment regarding damages, leaving only equitable remedies
4  at issue in this case. [Doc. No. 148.]
5      At the time of the Pretrial Conference on August 23, 2010, counsel for VPX inquired
6  whether the parties could file new summary judgment motions prior to trial. The Court indicated
7  counsel could file new summary judgment motions, but only if such motions were based upon new
8  or additional evidence. [Doc. No. 153, p. 15.]
9      VPX filed the current summary judgment motion on December 1, 2010, arguing that
10 because this matter will be submitted as a bench trial, the Court should reconsider its previous
11 denial of summary judgment. Most of the evidence VPX submits in support of its current motion
12 was previously considered by the Court in denying VPX's motion for partial summary judgment.[1]
13 VPX submits only one new piece of evidence – a declaration by its President and CEO, stating that
14 VPX has not run the "No. 1 in L.A. Ad" since May of 2009 and has no plans to run it in the future.
15 [Declaration of John H. Owoc, Doc. No. 156-2, ¶ 9.]

16  ***Discussion***

17      Because no final judgment has been entered in this case, the Court has the discretion to
18 review, reconsider, and modify its prior order denying summary judgment in this case. <u>United
19 States v. Martin</u>, 226 F.3d 1042, 1049 (9th Cir. 2000). VPX argues the Court should at this time
20 reconsider and modify its prior order, applying a modified summary judgment standard based
21 upon the fact the remaining equitable issues will be tried by the Court and not a jury.
22      Where the ultimate factual issues are to be decided by the court, rather than a jury, and
23 where the credibility of the witnesses' statements or testimony is not at issue, the court has
24 somewhat greater latitude to dispose summarily of the matter. <u>TransWorld Airlines, Inc. v.
25 American Coupon Exchange, Inc.</u>, 913 F.2d 676, 684-85 (9th Cir. 1990). However, even where the
26 underlying facts are undisputed, summary judgment is not appropriate where divergent ultimate

---

28      [1]VPX has re-filed the declarations and exhibits, but directs the Court to the location in the docket where such evidence was submitted in support of the prior summary judgment motion.

1  inferences may reasonably be drawn from those facts.  <u>Miller v. Glenn Miller Productions, Inc.</u>,
2  454 F.3d 975, 932 (9th Cir. 2006).

3  Here, the Court previously found the parties' expert testimony created genuine issues of material fact regarding Hansen's claims that Power Rush provides seven hours of energy and results in "No Crash,"  as well as Hansen's claims relating to Redline Princess.  Absent some intervening change in the law, or the discovery of new or different facts, there is no basis for the Court to modify its prior decision with regard to these claims.  In order to determine whether Hansen is entitled to relief on its claims, the Court will need to weigh the credibility and reliability of the parties' experts, and consider the evidence supporting the experts' opinions.  VPX cites no authority which permits the Court to weigh evidence and assess credibility on summary judgment.

VPX presents new evidence that its Power Rush "No. 1 in L.A. Ad" stopped running in May 2009, and there is no likelihood VPX will run the ad again in the future. [Declaration of John H. Owoc, Doc. No. 156-2, ¶ 9.]  In its opposition, Hansen presents no additional evidence with regard to this claim and indicates it "would have stipulated and agreed that the 'No. 1 in L.A.' ad is no longer at issue." [Opposition, Doc. No. 160, p.1, fn.1.]  Based thereon, the Court grants VPX's motion for partial summary judgment on this claim.

### *Conclusion*

For the reasons explained herein, the Court GRANTS VPX's motion for partial summary judgment as to Hansen's claim based upon the Power Rush "No. 1 in L.A." advertisement.  The Court DENIES VPX's motion in all other respects.

**IT IS SO ORDERED**.

**DATED:  January 26, 2011**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**